■ HIMOFF INDUSTRIES CORP., Respondent, v. SIMON SRYBNIK, Doing Business as S & S MACHINERY Co., Appellant.— Partial judgment entered May 13, 1968, as appealed from, unanimously reversed on the law and the facts, with $50 costs and disbursements to appellant, and the judgment is vacated. The original action was brought for an accounting of profits made and the return of moneys invested in a joint venture between the parties. On the trial it developed that defendant used the credit of the joint venture to purchase certain items of heavy machinery solely for defendant's account. In the phase of the proceeding presently before us plaintiff seeks an accounting for profits realized as a result of such purchase. Seventeen articles were purchased, 13 have been sold, and four are scheduled for sale. The matter was referred to a Special Referee to take and state the account and to supervise the sale of the machinery. In accordance with directions defendant filed an account which listed the various items, their cost, the resale price, the expenses claimed in connection therewith, and which included as well the four items unsold together with expenses allegedly incurred with respect to each item up to the date of filing the account. In his report the Special Referee took note of the unsold items and expenses yet to be incurred in connection with the sale of such items. He recommended that with the exception of "selling expenses" as he defined them, the court "approve and allow defendant's account to stand as filed therein. The profits of the subject venture should then be calculated by the parties in accordance therewith." On motion of defendant the report was confirmed in all respects. In the order as settled partial judgment was granted plaintiff in the sum of $17,523.03 together with costs and disbursements. The judgment entered additionally granted execution thereon. The sum of $17,523.03 was calculated by offsetting the total credits against the total charges on the thirteen items sold and allowing plaintiff 50% of the difference. Defendant now appeals from such judgment, contending the present entry of such judgment is improper and unjust and is contrary to the report of the referee as confirmed. It is concluded that the partial judgment should not stand. Essentially this was a single transaction and defendant is bound to account for any profits realized as a result of the purchase and sale of all of the items in their entirety. To hold otherwise is to require the filing of a separate account with respect to the four items with independent charges and credits with reference thereto. Thus, there will be two accounts rather than one, and the figure presently allowed might well

not reflect accurately the sum to which plaintiff is entitled. No good reason appears to warrant the fractionalization. Moreover, the present award, in the view we take, is contrary to the report and recommendation of the Special Referee, which was confirmed in all respects. Subsequent to the entry of the partial judgment referred to in No. 294, defendant moved to resettle the order to confirm the report of the Special Referee so as to provide that the final determination of the profits await the ultimate sale of the four items and the expenses incurred in connection with such sale, and that the final statement of defendant's account be held in abeyance. This motion was denied and defendant appeals therefrom. The order appealed from is unanimously reversed on the law and the facts for reasons stated in the companion appeal and the motion to resettle is granted. No costs are allowed in this appeal because only a single record is involved and costs are allowed in the companion appeal. Concur — Stevens, P. J., Eager, Capozzoli, McGivern and Markewich, JJ.